UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COREY BROWN | * | CIVIL ACTION |
| | * | |
| VERSUS | * | |
| | * | |
| JOSEPH P. LOPINTO, III, IN HIS OFFICIAL | * | NUMBER: **20-02990** |
| CAPACITY AS SHERIFF OF JEFFERSON | * | |
| PARISH AND SGT. JOHN COTTON, | * | |
| INDIVIDUALLY, AND IN HIS OFFICIAL | * | |
| CAPACITY AS A JEFFERSON PARISH | * | |
| DEPUTY SHERIFF | * | SECT. **B**, MAG. **(2)** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

# **FIRST AMENDED COMPLAINT**

**NOW COMES** petitioner, **COREY BROWN** (hereinafter "BROWN") a pre-trial detainee who pursuant to Rec. Doc. 3 files this Complaint against the above-named defendants based on the sexual abuse and civil rights violations of BROWN by the defendants.

## I. **PRELIMINARY STATEMENT**

1. This action is brought pursuant to 42 U.S.C. §1983 and 1988.

## II. **JURISDICTION**

2. Jurisdiction is vested in this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4) and the Fourteenth Amendment to the Constitution of the United States.

3. Supplemental jurisdiction is vested in this Court by 28 U.S.C. § 1367(a) for all claims cognizable under state constitutional and statutory law including but not limited to La.C.C. Arts. 2315, 2315.6 and 2315.7.

## III. PARTIES

### (PLAINTIFF)

4. BROWN is an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

### (DEFENDANTS)

5. JOSEPH P. LOPINTO, III (hereinafter "SHERIFF LOPINTO"), in his official capacity as Sheriff of Jefferson Parish, an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana. At all times described herein he was the Sheriff of Jefferson Parish and, as such, was responsible for the hiring, training, supervision, discipline and control of the deputies under his command. He was responsible for all the actions of the Jefferson Parish Sheriff's Office (hereinafter "JPSO"). He was at all times referred to herein, the exclusive caretaker of BROWN and had exclusive custody and control over BROWN during his incarceration at the Jefferson Parish Correctional Center (hereinafter "JPCC").

6. JOHN COTTON (hereinafter "SGT. COTTON"), individually, and in his official capacity as a Jefferson Parish Sheriff's Deputy, is an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana. At all pertinent times, he was employed by SHERIFF LOPINTO and worked at the JPCC.

7. At all times relevant hereto the actions of defendants herein were committed under color of state law.

## IV.  **FACTUAL ALLEGATIONS**

8. In mid-November 2019, BROWN was incarcerated at the JPCC as a pre-trial detainee.

9. For his own safety he was placed in administrative segregation by the jail staff.

10. While in administrative segregation BROWN's cell was located in the JPCC on the second floor near the attorney-client visit room and control pod.

11. Upon information and belief, on the second or third weekend of November 2019 at approximately 4:15 p.m., BROWN finished showering on the second floor near the yard exit. While naked drying himself, BROWN was approached by SGT. COTTON who asked to see BROWN's penis. BROWN declined SGT. COTTON's request. The following weekend on a Saturday as BROWN finished his shower, SGT. COTTON again asked to see BROWN's penis. BROWN again declined.

12. On the following day, believed to be a Sunday, SGT. COTTON entered the shower as BROWN was showering and began performing oral sex on BROWN. BROWN was afraid that if he resisted, SGT. COTTON would transfer BROWN into general population. SGT. COTTON had advised BROWN that if he refused to comply with the oral sex he would transfer BROWN back to general population.

13. Shortly after SGT. COTTON's sexual assault upon him BROWN reported the sexual assault to other authorities at the jail. He was subsequently interviewed by a

detective with the JPSO. BROWN reported to the JPSO detective details of the assault. Upon information and belief, SGT. COTTON resigned from the JPSO shortly after being confronted with BROWN's accusations.

14. The jail is under the exclusive control of the defendant, SHERIFF LOPINTO, who is responsible for all jail policies and procedures as well as the supervision of all jail staff.

15. The defendant, SHERIFF LOPINTO, was the caretaker of BROWN and he had the exclusive custody and control over BROWN during his incarceration at the JPCC.

16. The defendant, SGT. COTTON, at all times referenced herein was an employee of the defendant, SHERIFF LOPINTO.

17. Upon information and belief, the defendant, SHERIFF LOPINTO, knew or should have known that the defendant, SGT. COTTON, had a history of inappropriate sexual conduct with inmates, yet he negligently failed to take action to protect inmates in his custody from SGT. COTTON and in so doing failed to prevent SGT. COTTON's sexual assault of BROWN.

18. Alternatively, the defendant, SHERIFF LOPINTO as BROWN's custodian and caretaker failed to properly supervise SGT. COTTON.

19. The defendant SHERIFF LOPINTO's inadequate supervision and negligent retention of SGT. COTTON resulted in the infliction of permanent mental and emotional injury upon BROWN by the defendant, SGT. COTTON, and resulted in the intentional

infliction of emotional distress to BROWN as would reasonably be expected.

20.  The defendant SGT. COTTON's conduct as previously described, resulted in the infliction of permanent mental and emotional injury upon BROWN

21.  In addition to the sexual abuse and intentional infliction of emotional distress, the defendant SGT. COTTON violated BROWN's Fourteenth Amendment Right to due process, specifically his protected liberty interest to be free of sexual abuse.

22.  As a result of the intentional infliction of emotional abuse, sexual abuse and civil rights violations, BROWN has sustained past, present and future pain and suffering, mental anguish, permanent disability and medical expenses for which both defendants are liable jointly, severally and insolido.

## V. **FIRST CAUSE OF ACTION** (*CIVIL RIGHTS VIOLATIONS BY SGT. COTTON*)

23.  The plaintiff repeats and re-alleges each and every allegation of this Complaint.

24.   The defendant, SGT. COTTON, acting under color of law, engaged in a course of conduct that acted to deprive BROWN of his Fourteenth Amendment right to due process, specifically his protected liberty interest to be free of sexual abuse.

25.  The defendant's actions were reckless, willful, wanton and/or malicious.

26.   BROWN further alleges that such acts as alleged herein were the proximate cause and cause in fact of his damages and injuries.

## VI. SECOND CAUSE OF ACTION *(SUPPLEMENTAL STATE LAW CLAIMS AGAINST SGT. COTTON AND SHERIFF LOPINTO)*

27. The plaintiff repeats and realleges each and every allegation of this Complaint.

28. The supplemental jurisdiction of the court is invoked for all claims under State law.

29. At all times described herein, the defendants, individually and collectively, acted negligently and/or intentionally, in sexually assaulting BROWN and/or failing to supervise SGT. COTTON, and/or negligently retaining SGT. COTTON, resulting in the mental injury to BROWN as well as intentional infliction of emotional harm and distress to BROWN, as a result of his sexual abuse by SGT. COTTON, all of which injuries are severe, debilitating and foreseeable in violation of Louisiana Law.

30. At all pertinent times herein the defendant, SGT. COTTON, was an employee of the defendant, SHERIFF LOPINTO, and was acting in the course and scope of his employment with the defendant, SHERIFF LOPINTO.

31. The defendant, SHERIFF LOPINTO, is vicariously liable for the injuries and damages which occurred herein as a result of the actions of the defendant, SGT. COTTON.

32. The defendant, SHERIFF LOPINTO, is independently liable to the plaintiff in this case for his failure to properly supervise and screen his employees and for his negligent retention of SGT. COTTON as previously outlined in the preceding paragraphs.

33. The defendants are liable individually and jointly for their actions as alleged herein.

34. Plaintiff further alleges that the above described actions were the proximate cause and cause and fact of his injuries.

## VII. **DAMAGES**

35. As a result of the actions of the defendants as described above, damages have been incurred as follows for violations of the U.S. Constitution and state law:

> BROWN sustained severe, debilitating, permanent and foreseeable mental injury resulting in past, present and future pain and suffering, anguish and distress, embarrassment, humiliation and medical expenses for which he is entitled to general, special, exemplary and punitive damages.

36. The plaintiff seeks reasonable attorney's fees in accordance with 42 U.S.C. § 1988 plus judicial interest and for the defendants to bear all costs of these proceedings.

**WHEREFORE**, the plaintiff, COREY BROWN, prays that the defendants be duly cited and served copies of the above and foregoing, made to timely appear and answer, that the Court exercises its supplemental jurisdiction over the state claims, and after due proceedings, there be judgment in his favor and against the defendants, **J**OSEPH P. LOPINTO, III, in his official capacity as Sheriff of Jefferson Parish and SGT. JOHN COTTON, individually and in his official capacity as a Jefferson Parish Deputy Sheriff, holding them liable jointly, severally and in solido for all compensatory and punitive damages alleged herein, together with judicial interest, for all attorney's fees, and that the defendants bear all costs of these proceedings, and for all further legal,

Case 2:20-cv-02990-ILRL-DPC   Document 6   Filed 11/10/20   Page 8 of 8
-8-

equitable and general relief available.

        Respectfully submitted;

        /s/  Gary W. Bizal
        **GARY W. BIZAL** (La. Bar No. 1255)
        **GARY W. BIZAL, L.L.C.**
        4907 Magazine Street
        New Orleans, Louisiana 70115
        (504)525-1328 Telephone
        (504)525-1353 Fax
        gary@garybizal.com


        /s/  Aidan Shah
        AIDAN SHAH (La. Bar #34761)
        1100 Poydras Street, Suite 2900-3
        New Orleans, LA 70163
        (985)236-9775 Telephone
        aidan_shah@yahoo.com

        ATTORNEYS FOR PETITIONER,
        COREY BROWN

**<u>SERVICE UPON ALL DEFENDANTS TO BE MADE VIA WAIVERS</u>**