# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COREY BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO.  20-02990** |
| **JOSEPH P. LOPINTO, III, ET AL** | **SECTION "B"(2)** |

## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Sheriff Joseph P. Lopinto, III, appearing herein in his official capacity as the duly elected Sheriff of Jefferson Parish, who, in response to the First Amended Complaint filed herein by the Plaintiff, respectfully submits the following:

## FIRST DEFENSE

The Complaint fails to state a claim against the Defendant upon which relief can be granted.

## SECOND DEFENSE

All of the acts and actions taken by the Defendant therein were reasonable under the circumstances and do not support a claim under a theory of vicarious liability or *respondeat superior*.

**THIRD DEFENSE**

That the Plaintiff, Corey Brown, by virtue of his own actions and conduct, was guilty of negligence and/or contributory negligence and/or assumption of the risk, all of which will be more fully shown at the trial of this matter.

**FOURTH DEFENSE**

The Court is without jurisdiction in this matter inasmuch as the amount in controversy, exclusive of interest and costs, does not exceed the sum and value of $75,000.00.

**FIFTH DEFENSE**

The Court is without jurisdiction as to all claims asserted by the Plaintiff in this matter inasmuch as the Complaint fails to state a proper claim for relief under the Constitution of the United States or any United States statute.

**SIXTH DEFENSE**

All of the acts and actions taken by the Defendant herein were reasonable under the circumstances and were taken pursuant to valid and constitutional policies and in no way provide any basis for any claim under *Monell*.

**SEVENTH DEFENSE**

Defendant further submits that the claims of the Plaintiff are frivolous, groundless and unreasonable and, as such, the Defendant is entitled to an award against the Plaintiff for all attorney's fees and costs expended in this matter pursuant to 42 USC 1983.

**EIGHTH DEFENSE**

Defendant affirmatively pleads qualified immunity and any other applicable immunities and/or limitations of liability as provided for in the Constitution and laws of the United States

and the Constitution and laws of the State of Louisiana, including but not limited to the discretionary immunity provided in La. R.S. 9:2798.1.

## NINTH DEFENSE

Any and all damages and/or injuries sustained or incurred by the Plaintiff were the fault of individuals and/or entities over whom the Defendant has no control.

## TENTH DEFENSE

That any actions taken by the Defendant were taken in good faith, with probable cause, without malice and under laws believed to be constitutional, thereby entitling the Defendant to the defense of qualified immunity.

## ELEVENTH DEFENSE

That the sole and proximate cause of any injuries and/or damages sustained by the Plaintiff during the incident complained of herein were the actions and/or inactions of the Plaintiff himself, which actions and/or inactions are affirmatively pled in bar of/reduction of any recovery herein.

## TWELFTH DEFENSE

And now, Defendant responds to the allegations of the Plaintiff's Complaint, paragraph by paragraph, as follows:

I.

The allegations contained in paragraph 1 are admitted.

II.

The allegations contained in paragraph 2 are admitted to the extent that the acts complained of herein took place in the Eastern District of the State of Louisiana.

III.

The allegations contained in paragraph 3 require no answer.

IV.

The allegations contained in paragraph 4 are admitted.

V.

The allegations contained in paragraph 5, as they pertain to the legal status of Sheriff Joseph P. Lopinto, III are admitted; all other allegations are denied for lack of sufficient information upon which to justify a belief therein.

VI.

The allegations contained in paragraph 6, as they pertain to the legal status of John Cotton are admitted; all other allegations are denied for lack of sufficient information upon which to justify a belief therein.

VII.

The allegations contained in paragraph 7 are denied for lack of sufficient information upon which to justify a belief therein.

VIII.

The allegations contained in paragraph 8 are admitted.

IX.

The allegations contained in paragraph 9 are denied for lack of sufficient information upon which to justify a belief therein.

X.

The allegations contained in paragraph 10 are denied for lack of sufficient information upon which to justify a belief therein.

XI.

The allegations contained in paragraph 11 are denied for lack of sufficient information upon which to justify a belief therein.

XII.

The allegations contained in paragraph 12 are denied for lack of sufficient information upon which to justify a belief therein.

XIII.

The allegations contained in paragraph 13 are denied for lack of sufficient information upon which to justify a belief therein.

XIV.

The allegations contained in paragraph 14 are denied for lack of sufficient information upon which to justify a belief therein.

XV.

The allegations contained in paragraph 15 are denied.

XVI.

The allegations contained in paragraph 16 are admitted.

XVII.

The allegations contained in paragraph 17 are denied.

XVIII.

The allegations contained in paragraph 18 are denied.

XIX.

The allegations contained in paragraph 19 are denied.

XX.

The allegations contained in paragraph 20 are denied for lack of sufficient information upon which to justify a belief therein.

XXI.

The allegations contained in paragraph 21 are denied for lack of sufficient information upon which to justify a belief therein.

XXII.

The allegations contained in paragraph 22 are denied for lack of sufficient information upon which to justify a belief therein.

XXIII.

The allegations contained in paragraph 23 require no answer; however, in an abundance of caution, those allegations are denied.

XXIV.

The allegations contained in paragraph 24 are denied for lack of sufficient information upon which to justify a belief therein.

XXV.

The allegations contained in paragraph 25, as they pertain to the actions of Sheriff Joseph P. Lopinto, III are denied.

XXVI.

The allegations contained in paragraph 26 are denied for lack of sufficient information upon which to justify a belief therein.

XXVII.

The allegations contained in paragraph 27 require no answer; however, in an abundance of caution, those allegations are denied.

XXVIII.

The allegations contained in paragraph 28 require no answer; however, in an abundance of caution, those allegations are denied.

XXIX.

The allegations contained in paragraph 29, as they pertain to any actions attributed to Sheriff Joseph P. Lopinto, III are denied.

XXX.

The allegations contained in paragraph 30, as they pertain to the status of Sgt. Cotton as an employee of the Defendant are admitted; all other allegations are denied.  Further answering, as the actions attributed to Sgt. Cotton are criminal in nature, Defendant contends that any such actions were taken outside the course and scope of his employment.

XXXI.

The allegations contained in paragraph 31 are denied.

XXXII.

The allegations contained in paragraph 32 are denied.

XXXIII.

The allegations contained in paragraph 33 are denied.

XXXIV.

The allegations contained in paragraph 34, to the extent that the actions referenced pertain to the actions taken by Defendant, Sheriff Joseph P. Lopinto, III, are denied.

7

### XXXV.

The allegations contained in paragraph 35 are denied for lack of sufficient information upon which to justify a belief therein.

### XXXVI.

The allegations contained in paragraph 36 require no answer; however, in an abundance of caution, those allegations are denied.

### XXXVII.

Further answering, Defendant avers that the sole and proximate cause of any and all damages and/or injuries allegedly sustained by Plaintiff, Corey Brown, during the incidents complained of herein were the actions and/or inactions of the decedent himself, which actions and/or inactions are affirmatively pled in bar of/reduction of any recovery by the Plaintiff herein.

### XXXVIII.

Defendant respectfully requests trial by jury on all issues herein.

**WHEREFORE,** Defendant, Sheriff Joseph P. Lopinto, III, in his official capacity as the Sheriff of Jefferson Parish, prays that this Answer be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of Defendant, Sheriff Joseph P. Lopinto, III, in his official capacity as the Sheriff of Jefferson Parish, and against the Plaintiff, Corey Brown, dismissing the Plaintiff's original Complaint and First Amended Complaint with prejudice, and at Plaintiff's costs.

Respectfully submitted,

**MARTINY & ASSOCIATES, LLC**
131 Airline Highway - Suite 201
Metairie, Louisiana 70001
Telephone:  (504) 834-7676
Facsimile:  (504) 834-5409
E-mail: danny@martinylaw.com
            jeff@martinylaw.com

*/s/ Daniel R. Martiny*
**DANIEL R. MARTINY (9012)**
**JEFFREY D. MARTINY (35012)**
Attorneys for Defendant,
Sheriff Joseph P. Lopinto, III

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of November, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record herein.

*/s/ Daniel R. Martiny*
DANIEL R. MARTINY (9012)

9